## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RAQUEL MASCORRO, Individually and
as parent and next friend of
JACOB CHAPMAN,

      Plaintiffs,

vs.                                                                                  No.

FARMERS INSURANCE COMPANY OF
ARIZONA and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

      Defendants.

### NOTICE OF REMOVAL

Defendant, State Farm Mutual Automobile Ins. Co. ("State Farm"), by and through its attorneys, Miller Stratvert P.A., hereby gives notice of the removal of this action pursuant to 28 U.S.C. §§ 1441 and 1446.  In support of this Notice of Removal, State Farm states as follows:

### I.  The Procedural Requirements for Removal Have Been Satisfied

1.      Plaintiff, individually and on behalf of her minor son, filed her Complaint for Negligence, Declaratory Judgment, Breach of Contract, and Damages ("Complaint") in the Third Judicial District Court, County of Dona Ana, State of New Mexico, Cause No. D-307-CV-2016-00333 on February 19, 2016.  State Farm was served, through the New Mexico Office of Superintendent of Insurance on February 29, 2016.  This Notice of Removal is filed today, which means that it was filed within 30 days of service of summons and complaint and is therefore timely.  See, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 334, 374-48, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999) (clarifying that time to remove begins to run from date of formal service).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) as it is the "district and division embracing the place where such action is pending."

3. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint as served upon State Farm is attached to this Notice of Removal as Exhibit A.

4. In addition, Plaintiff's Complaint asserts claims against Farmers Insurance Company of Arizona ("FICA"), an Arizona Corporation. FICA has been consulted and consents to removal of this action to the Unites States District Court for the District of New Mexico.

5. A copy of this Notice of Removal is served on counsel and the Clerk of the Third Judicial District Court, County of Dona Ana, New Mexico, as required by 28 U.S.C. § 1446(d).

## II.  Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441

6. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because State Farm is an Illinois corporation with its principal place of business in Illinois and is a citizen and a resident of the State of Illinois, and Plaintiffs are residents of New Mexico. See, Plaintiffs' Complaint (Exhibit A). In addition, FICA is an Arizona Corporation; therefore there is "complete diversity" in this matter, as both Defendants are out of state corporations.

7. The amount in controversy exceeds the jurisdictional minimum of this Court. Where, as here, a complaint does not contain dispositive allegations of the amount in controversy, a defendant can remove by specifying the amount in controversy in the Notice of Removal and establishing the amount in controversy by a preponderance of the evidence. 28 USC § 1446(c)(2); *Roe v. Michelin N.A. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). A defendant may rely on an estimation of damages calculated from the allegations in the complaint, or by reference to the plaintiff's estimates or settlement demands. *See*, *Meridian Sec. Ins. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). Treble damages, punitive damages and attorney

fees are considered when calculating the amount in controversy for diversity jurisdiction purposes. *See Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003); *Frederico v. Home Depot*, 507 F.3d 188 (3d Cir. 2007); *Miera v. Dairyland Ins. Co.,* 143 F.3d 1337, 1339–40 (10th Cir.1998) (a reasonable estimate of attorney fees can be included in the amount in controversy). Due process permits a punitive damages award up to ten times compensatory damages. *See BMW of North America., Inc. v. Gore*, 517 U.S. 559, 581 (1996); *Weidler v. Big J Enterprisess Inc.*, 1998-NMCA-021, ¶ 48, 124 N.M. 591, 953 P.2d 1089.

8. In Plaintiff's Complaint, she alleges that she is entitled to UM benefits, attorney's fees, treble damages, and punitive damages. The amount in controversy exceeds $75,000 considering the categories and extent of damages sought.

WHEREFORE, State Farm removes this action from the Third Judicial District Court, County of Dona Ana, State of New Mexico, Case No. D-101-CV-2013-00858, to the United States District Court for the District of New Mexico, pursuant to 28 USC §§1332, 1441 and 1446.

        Respectfully submitted,

        MILLER STRATVERT P.A.

        By:*/s/ Todd A. Schwarz*
           Todd A. Schwarz
           Attorneys for State Farm Mutual
           Automobile Insurance Company
           P.O. Box 25687
           Albuquerque, NM 87125-0687
           Telephone: (505) 842-1950
           Facsimile: (505) 243-4408 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically through the CM/ECF system on March 29, 2016, and will be served automatically pursuant to the Court's rules and regulations to the following counsel of record:

> Charles J. Ruhmann, IV
> 5915 Silver Springs, Bldg. 1
> El Paso, TX 79912

> */s/ Todd A. Schwarz*
> Todd A. Schwarz

\\Abq-tamarack\ProData\000065-048543\Pleadings\2932684.doc