3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
2/19/2016 12:20:27 PM
CLAUDE BOWMAN
Javier Cuevas

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

RAQUEL MASCORRO, Individually,
And as parent and next of friend of
JACOB CHAPMAN,

       Plaintiffs,

No. D-307-CV-2016-00333

vs.

       Rosner, Mary

FARMERS INSURANCE
COMPANY OF ARIZONA, and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Defendants.

## COMPLAINT FOR
## NEGLIGENCE, DECLARATORY JUDGMENT,
## BREACH OF CONTRACT, AND DAMAGES

COMES NOW, Plaintiff **RAQUEL MASCORRO, Individually and as parent and next of friend of JACOB CHAPMAN,** by and through her attorney of record, **Charles J. Ruhmann, IV, the Ruhmann Law Firm,** and for their cause of action herein over and against Defendants **FARMERS INSURANCE COMPANY OF ARIZONA and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** would state as follows:

### I. COMMON FACTUAL ALLEGATIONS

1.    Plaintiff **RAQUEL MASCORRO, Individually and as parent and next of friend of JACOB CHAPMAN** are residents of Las Cruces, New Mexico.

2.    Defendant, **FARMERS INSURANCE COMPANY OF ARIZONA** ("Defendant" or "Farmers"), is an insurer as defined by New Mexico law which is organized and existing under the laws of a state other than New Mexico, but is authorized to conduct business, and is conducting business, within Doña Ana County, New Mexico.

**EXHIBIT A**

3.      Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** ("Defendant" or "State Farm"), is an insurer as defined by New Mexico law which is organized and existing under the laws of a state other than New Mexico, but is authorized to conduct business, and is conducting business, within Doña Ana County, New Mexico.

4.      At all times pertinent hereto, Plaintiff and Defendant FARMERS were insured and insurer respectively under a valid and binding contract for insurance, policy number 0171030986. Plaintiff was covered as a "class 1" insured under a policy of automobile insurance issued by Defendant to Michael Chapman, father of JACOB CHAPMAN, which provided him and family members coverage for injuries and damages suffered through the acts or omissions of underinsured ("UIM") motorists.

5.      At all times pertinent hereto, Plaintiff and Defendant STATE FARM were insured and insurer respectively under a valid and binding contract for insurance, policy number, upon information and belief, 0664264E0731. Plaintiff was covered as a "class 1" insured under a policy of automobile insurance issued by Defendant to Raquel Mascorro, mother of JACOB CHAPMAN, which provided her and family members coverage for injuries and damages suffered through the acts or omissions of underinsured motorists.

6.      On or about July 9, 2010, said insurance policies were in full force and effect.

7.      On or about Friday, July 9, 2010, within the effective period of both of the aforementioned policies, at approximately 8:00 a.m., insured driver Raquel Mascorro, then-pregnant with JACOB CHAPMAN in her womb, was operating her black 2007 Chevrolet in a reasonable and prudent manner, exercising ordinary care for her safety and for the safety of others, including her unborn child, JACOB CHAPMAN, traveling eastbound on U.S. Interstate 10 near mile marker 152, just south of the I-10 / I-25 merge and just outside of Las Cruces, New Mexico.

8.      Blanca Torres, a Texas resident, operating a red 2006 Nissan, was also traveling eastbound on U.S. Interstate 10 near mile marker 152, just south of the I-10 / I-25 merge, directly behind Raquel Mascorro.  Suddenly and without warning, Blanca Torres violently struck the rear end of Raquel Mascorro's vehicle.

9.      As a result of Blanca Torres' negligent conduct and the resulting collision, Raquel Mascorro's vehicle sustained severe damages and Plaintiff JACOB CHAPMAN sustained substantial physical injuries and damages.

10.     The investigating officer with the New Mexico State Police, Officer A. Portillo, interviewed the parties and determined that Blanca Torres was at fault for the collision for following too close behind Raquel Mascorro's vehicle.

11.     Plaintiff duly reported the automobile collision to 21st Century and provided all requested information and documentation.

12.     Under the terms of each UIM policy, and under applicable law, Defendants shall provide UIM benefits to the Plaintiff, as a class 1 insured, for up to the policy limits, less the offset amount that Plaintiff has recovered from the underinsured driver, Blanca Torres, in another claim.

13.     Raquel Mascorro has otherwise performed all conditions precedent to her right to receive insurance proceeds on behalf of JACOB CHAPMAN under the aforementioned UIM policies to compensate JACOB CHAPMAN for the losses caused by Blanca Torres' negligence.

## II. NEGLIGENCE

14.     Plaintiff incorporates the above allegations as though fully restated herein.

15.     Defendants owed Plaintiff statutory and common law duties to ensure that Plaintiff was covered by the insurance requested, expected and for which consideration was paid.

16.     Each Defendant breached its statutory and common law duties to Plaintiff by acting unreasonably and by failing to effectuate Plaintiff's expectation of coverage as alleged herein.

17.     As a proximate result of Defendants' negligence and/or mistakes, Plaintiff has been damaged in an amount to be proven at trial, including but not limited to attorney's fees and costs of suit pursuant to §39-2-1, NMSA 1978.

### III. DECLARATORY JUDGMENT

18.     Plaintiff incorporates the above allegations as though fully restated herein.

19.     Defendants have failed to provide reasonable offers to settle Plaintiff's demands for compensation for her injuries and damages under each aforementioned UIM policy.

20.     An actual controversy exists between the parties concerning their respective rights, status, and obligations under the facts and circumstances of this case and the UIM insurance policies involved herein sufficient to satisfy the requirements of the Declaratory Judgment Act, §§ 44-6-1 to 44-6-15, NMSA 1978.

### IV. UNDERINSURED MOTORIST (UIM) COVERAGE

21.     Plaintiff incorporates the above allegations as though fully restated herein.

22.     As described herein, Plaintiff sustained substantial physical injuries and damages as a direct and proximate result of the negligent operation of a motor vehicle by Blanca Torres, an underinsured driver.

23.     As a direct and proximate result of the negligence of that underinsured driver, Plaintiff has incurred medical expenses for treatment, therapy, and medication for injuries JACOB CHAPMAN sustained in this accident, said expenses are expected to continue in the future and may require surgery, resulting in compensatory damages in an amount to be proven at trial.

24.     As a direct and proximate result of the negligence of that underinsured driver, Plaintiff JACOB CHAPMAN has endured pain and suffering, mental anguish, and loss of enjoyment of life, and will continue to endure such damages in the future, in an amount to be proven at trial.

25.     As a direct and proximate result of the negligence of that underinsured driver, Plaintiff has suffered injuries which are likely to be permanent, resulting in damages in an amount to be proven at trial.

26.     Under the terms of the policy and under applicable law, Defendants are liable to Plaintiff for all damages, less offset, that Plaintiff could have recovered from the underinsured driver.

## V.  VIOLATIONS OF THE NEW MEXICO INSURANCE CODE

27.     Plaintiff incorporates the above allegations as though fully restated herein.

28.     The actions of Defendants as described herein constitute violations of the New Mexico Insurance Code, § 59A-16-20, NMSA 1978.

29.     Specifically, each Defendants, through its employees and/or agents, committed the following acts, which are defined by the Code as prohibited practices:

(a)     Misrepresenting to insured pertinent facts or policy provisions relating to coverages at issue;

(b)     not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claim in which liability has become reasonably clear;

(c)     compelling insured to institute litigation to recover amounts due under policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered; and

Complaint                                                                                 Page 5

(d)     failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

30.     As a direct and proximate cause of each Defendants' violations of the Insurance Code, Plaintiff has suffered damages in an amount to be proven at trial.

31.     Defendants' violations of the Insurance Code were wanton, malicious and done with intentional disregard of Plaintiff's interests and rights and of Defendants' duties and obligations under New Mexico law, thereby making each Defendant liable to Plaintiff for exemplary and punitive damages.

32.     Plaintiff is entitled to recover reasonable attorney's fees for Defendants' knowing and intentional violations of the Insurance Code.

## VI. VIOLATIONS OF THE NEW MEXICO UNFAIR PRACTICES ACT

33.     Plaintiff incorporates the above allegations as though fully restated herein.

34.     Defendants' actions as described herein constitute violations of the New Mexico Unfair Practices Act, § 57-12-1 *et seq.*, NMSA 1978 ("UPA").

35.     Specifically, each Defendant, through its employees and agents, knowingly made false or misleading representations in connection with the sale of its insurance services in the regular course of its commerce which to or did deceive and mislead Plaintiff, including the failure to deliver the quality of insurance services contracted for.

36.     In addition, Defendants' actions constitute "unconscionable trade practices" as defined in the UPA in that the insurance services provided to Plaintiff resulted in a gross disparity between the value received by the insureds and the price paid for the insurance policy.

37.     Defendants' violations of the UPA were wanton, malicious and done with intentional disregard of Plaintiff's interests and rights, and of Defendants' duties and obligations

Complaint                                                                              Page 6

under New Mexico law, thereby making each Defendant liable to Plaintiff for exemplary and punitive damages.

38.     Plaintiff is entitled to recover reasonable attorney's fees under the UPA said violations by each Defendant which were knowing and intentional.

## VII.  BAD FAITH BREACH OF CONTRACT

39.     Plaintiff incorporates the above allegations as though fully restated herein.

40.     Plaintiff JACOB CHAPMAN was insured for his damages caused by the accident of July 9, 2010.

41.     Defendants have failed and refused to pay these damages pursuant to the policies issued to Michael Chapman and Raquel Mascorro, respectively.

42.     Further, under New Mexico law, Defendants have the duty to act honestly, promptly, in good faith, and in a non-discriminatory manner in the performance of the insurance contract.  Defendants further have an obligation to give equal consideration to its own interests and the interests of its insureds and policyholders.

43.     As described herein, Defendants have breached these duties and have thereby acted in bad faith.

44.     Defendants have breached its contractual obligation to pay the damages incurred by its insured, the Plaintiff.

45.     Defendants have failed to offer to pay a reasonable sum to settle Plaintiff's UIM claim despite serious and permanent injuries, and despite the fact that the liability of Blanca Torres has been established for quite some time.

46.     Defendants' actions were intentional, malicious, and willful and wanton, thereby justifying an award of punitive and exemplary damages.

47.     As a direct and proximate result of the July 9, 2010 accident, Plaintiff JACOB

CHAPMAN suffered personal injuries requiring medical treatment and permanent injuries. His injuries caused him to be born premature and have interfered with his ability to engage in a normal childhood activities. They have caused him great pain and suffering, and damages including but not limited to medical bills, pain and suffering, loss of enjoyment of life, loss of household services, attorney's fees, and costs of suit, which Defendants have failed to pay in accordance with its contractual and legal obligations.

48. Plaintiff is entitled to recover her attorney's fees and costs in pursuing this action pursuant to §39-2-1 NMSA 1978.

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount to be proven at trial which is reasonable to compensate her for her damages, injuries, losses, damages to be sustained in the future, the costs of this action, attorney's fees, and pre- and post-judgment interest; for a Court review of the Farmers and State Farm insurance contracts, the facts and circumstances, and the applicable law; for the issuance an order determining and awarding the amount of damages incurred by the Plaintiff, declaring the parties' respective rights and obligations, and directing their behavior accordingly, all as permitted by the Declaratory Judgment Act; for judgment awarding punitive damages in an amount sufficient to punish each Defendant for its willful, intentional misconduct resulting in delay of payment of the claim and for forcing litigation upon Plaintiff; for judgment awarding punitive damages in an amount sufficient to punish each Defendant for its willful, intentional misconduct resulting in delay of payment of damages, and for forcing litigation upon Plaintiff; and for judgment granting all such other and further relief as the Court deems proper under the circumstances.

Respectfully Submitted,

**RUHMANN LAW FIRM**
5915 Silver Springs, Bldg. 1
El Paso, Texas 79912
(915) 845-4529
(915) 845-4534 Fax

BY:

_/s/ Charles J. Ruhmann, IV_
**CHARLES J. RUHMANN, IV**
*Attorneys for Plaintiff*